MINH KIEN TRAN
*In Pro Per*
A# 025-148-502
Adelanto Detention Facility
10250 Rancho Rd.
Adelanto, CA 92301

FILED
2018 JAN 25 PM 2:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

MINH KIEN TRAN

PETITIONER,

v.

KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States: DAVID JENNINGS, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIEL VALDEZ, Assistant Field Office Director, Adelanto Detention Facility, WARDEN, Geo Group, Adelanto Detention Facility

RESPONDENT.

EDCV18-00169 JGB(PLA)

DHS Case No.: A# 025-148-502

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241); MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**

(Filed in lieu of form CV-27)



PAID
JAN 2 5 2018
Clerk, US District Court
COURT 4612

# PETITION[1]

1. **Place of Detention:** At the time of filing the initial petition, Petitioner is detained by Immigration and Customs and Enforcement ("ICE") at the Adelanto Detention Facility in Adelanto, California.

2. **Name and Location of Court Which Imposed Removal Order:** Executive Office of Immigration Review, San Francisco, California.

3. **The Immigration Case Number:** DHS ("Department of Homeland Security") A#025-148-502.

4. **The Date Upon Which Removal Order Was Imposed:** Mr. Tran was ordered removed by the Immigration Judge on March 16, 2001.

5. **Check Whether a Finding of Guilty Was Made:** Not applicable.

6. **If You Were Found Guilty After a Plea of Not Guilty, Check Whether that Finding Was Made by A Jury or Judge Sitting Without a Jury:** Not applicable.

7. **Did You Appeal from the Removal Order?** No.

8. **If You Did Appeal, Give the Following for Each Appeal:** Not applicable.

---

[1] This Petition, while filed by Mr. Tran *in pro per*, was drafted with substantial assistance by the Office of the Federal Public Defender.

9. **State concisely every ground on which you claim you are being held unlawfully. Summarize briefly, the facts supporting each ground.**

    a.    **Ground One:** Continued detention in this matter violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.* For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

    **Supporting Facts:** Immigration and Customs Enforcement ("ICE") has detained Mr. Tran beyond the presumptively reasonable six-month period. He received a final order of removal on March 16, 2001. Upon information and belief, he was detained for several months before being released, apparently because immigration authorities were unable to get the travel documents to deport him. ICE again took him into custody on July 3, 2017, and he has been continuously detained since that date. In total, he has been detained beyond the presumptively reasonable six-month period. Further detention is only justified if there is a significant likelihood of removal in the reasonably foreseeable future. Moreover, as each additional day passes, the "reasonably foreseeable future" shrinks considerably. Mr. Tran's removal appears particularly unlikely because he entered the United States prior to 1995, and the current U.S.-

3

Vietnam repatriation agreement does not allow for repatriation of Vietnamese nationals who came to the United States prior to that date.

**10. Have You Filed Previous Petitions of Habeas Corpus, Motions Under Section 2255 of Title 28, United States Code, or Any Other Applications, Petitions or Motions With Respect to the Removal Order?** Not to the best of my knowledge.

**11. If Your Answer to Question No. 10 Was Yes, Give the Following Information:** Not applicable.

**12. Do you have any petition, appeal or parole matter pending in any court, either state or federal, as to the removal order under attack?** Not to the best of my knowledge.

**13. Are you presently represented by counsel?** No. However, petitioner is applying for appointment of counsel concurrently with this petition.

**14. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?** Not applicable.

1 | **WHEREFORE, petitioner prays that the court hold an evidentiary hearing and
2 | grant petitioner relief to which he may be entitled in this proceeding.**

3 |     I declare under penalty of perjury that the foregoing is true and correct to the best
4 | of my knowledge.

6 | DATED: 1-17-18      By: _____
                               MINH KIEN TRAN
7 |                                Petitioner in *Pro Per*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Minh Kien Tran, a citizen of Vietnam, has been in post-removal order detention for over six months. The length of his detention, coupled with the lack of a repatriation agreement to effectuate his deportation, suggests that there is no reason to believe that Immigration and Customs Enforcement ("ICE") will be able to remove him in the reasonably foreseeable future. Accordingly, this Court should grant the habeas petition and order that Mr. Tran be released on appropriate conditions.

## II. ANALYSIS

### A. Mr. Tran Must Be Released Because There is No Good Reason to Believe Mr. Tran Will Be Deported in the Reasonably Foreseeable Future.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) the United States Supreme Court confronted the question of whether the Immigration and Nationality Act allowed the Immigration and Naturalization Service ("INS") to detain aliens indefinitely while it sought to have them removed. Title 8, U.S.C. §1231(a)(1) provides that the INS shall remove an alien within 90 days of his removal order; 8 U.S.C. § 1231(a)(2) provides that the Attorney General shall detain the alien during the removal period. Title 8, U.S.C. § 1231(a)(3) provides for the supervision of aliens in the community after the 90-day period. But 8 U.S.C. § 1231(a)(6) provides that certain aliens may be detained even after the 90-day period. In *Zadvydas*, the Supreme Court interpreted these statutes against the backdrop of the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and held that the statute does not authorize indefinite detention. *Id.* at 688-92. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.*

   For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

   ICE has detained Petitioner beyond the presumptively reasonable six-month period. Under 8 U.S.C. § 1231(a)(1)(B), the removal period began he was ordered removed on March 16, 2001. Upon information and belief, he was detained for several months in 2001 before being released, apparently because immigration authorities were unable to get the travel documents to deport him. Immigration authorities again detained him on July 3, 2017, and he has been continuously detained since that date.

   There is good reason to believe that there is no significant likelihood of removal in the foreseeable future. The current U.S.-Vietnam repatriation agreement stipulates that Vietnamese citizens are not subject to return to Vietnam if they arrived in the United States prior to July 12, 1995. Upon information and belief, Mr. Tran arrived in the United States from Vietnam prior to 1995. Because the agreement does not allow for his repatriation, his removal is unlikely to ever occur. *See Ly v. Hansen*, 351 F.3d 263, 265 n. 1 & 271 (6th Cir. 2003) (holding alien's detention unreasonable because his home country, Vietnam, "has not and does not accept deportees because there is no repatriation agreement"); *Nasr v. Larocca*, CV 16-1673-VBF (E), 2016 WL 3710200, *3 (C.D. Cal. June 1, 2016) (noting that *Zadvydas* requires relief "where there is no removal agreement between the detainee's county of origin and the U.S.").

7

Moreover, in the over six months of Mr. Tran's post-removal detention, ICE has provided no reason to believe there has been any progress towards obtaining a travel document for him. Because there is no evidence that Petitioner's removal is imminent, Petitioner asks the Court to order Respondents to release Mr. Tran on reasonable conditions of release.

**B.     In The Alternative, Even If Removal Is Reasonably Foreseeable, Mr. Tran Should Be Released on Conditions Because Preventive Detention Is Not Warranted in This Case.**

Furthermore, regardless of whether this Court finds that Mr. Tran's removal is reasonably foreseeable, he should be released on conditions. The Supreme Court has upheld preventive detention for the protection of the community "only when limited to specially dangerous individuals and subject to strong procedural protections." *See Zadvydas*, 533 U.S. at 690-91 (citing *Kansas v. Hendricks*, 521 U.S. 346 (1997), and *United States v. Salerno*, 481 U.S. 739 (1987)). Thus, even if Respondents could meet the burden of showing that Mr. Tran's removal will occur in the reasonably foreseeable future, he should nevertheless be released on conditions pending his removal because he is not a "specially dangerous" individual. Under the Department of Homeland Security's ("DHS") current regulatory scheme, the burden is on the alien to show that he is not dangerous. *See* 8 C.F.R. § 241.4(d)(1). When extended past the statutorily authorized 90-day removal period, this regulatory scheme violates Mr. Tran's liberty interest by imposing preventive detention without the constitutionally requisite showing. *See Zadvydas*, 533 U.S. at 690-91; *see also Hendricks*, 521 U.S. at 368 (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and "provides strict procedural safeguards"); *Salerno*, 481 U.S. at 747, 751-52 (in upholding pretrial detention based on dangerousness, stressing "stringent time limitations," the fact that detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards).

8

Therefore, this Court should order Respondents to release Mr. Tran even if it finds Petitioner's removal is significantly likely in the reasonably foreseeable future. The Respondents cannot justify the reasonableness of continued detention on the basis of his risk of committing further crimes pursuant to the standards set out in *Hendricks* and *Salerno*.

### III. CONCLUSION

For the foregoing reasons, Mr. Tran respectfully requests the Court grant his writ of habeas corpus and that he be released under reasonable conditions of supervision. Alternatively, Mr. Tran requests that the Court set a hearing in this matter and require Respondents to produce Mr. Tran for the hearing.

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |
|---|---|

IN THE UNITED STATES ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

_____ v. _____

FOR _____
AT _____

| LOCATION NUMBER |
|---|
| |

PERSON REPRESENTED *(Show your full name)*

TRAN, Minh Kien

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☒ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

| DOCKET NUMBERS |
|---|
| Magistrate Judge |
| District Court |
| Court of Appeals |

CHARGE/OFFENSE *(describe if applicable & check box →)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Are you now employed? ☐ Yes ☒ No ☐ Self-Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment? ~ 2/2016
How much did you earn per month? $ 1,000
If married, is your spouse employed? ☐ Yes ☐ No
IF YES, how much does your spouse earn per month? $ _____
If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No
RECEIVED / SOURCES
IF YES, give the amount received and identify the sources $ _____

**CASH**
Do you have any cash on hand or money in savings or checking accounts? ☒ Yes ☐ No IF YES, total amount? $ 7

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No
VALUE / DESCRIPTION
IF YES, give value and description for each $ _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
MARITAL STATUS
☒ Single
☐ Married
☐ Widowed
☐ Separated or Divorced
Total No. of Dependents: 0

List persons you actually support and your relationship to them _____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| 0 | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_____ / 1-17-18
SIGNATURE OF DEFENDANT / Date
*(OR PERSON REPRESENTED)*

# PROOF OF SERVICE

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served the Petition; Ex Parte Application for Appointment of Counsel and [Proposed] Order Appointing Counsel.

On January 25, 2018, following ordinary business practice, service was placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

Civil Process Clerk
United States Attorney's Office
Central District of California
300 North Los Angeles Street
Suite 7516
Los Angeles, California 90012

This proof of service is executed at Los Angeles, California, on January 25, 2018. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 25, 2018          By: *Rosalinda Lozano*
                                      Rosalinda Lozano